# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE No. 93-30025-WDS |
| ) | |
| ELIZABETH WIGGINS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's pro se motion to dismiss for lack of territorial jurisdiction (Doc. 992). Defendant asserts, in this rambling 30 page motion, that the United States does not have any jurisdiction over the states to exercise power over the geographical territory where the criminal activity involved in the indictment took place, *United States v. Rodriquez*, 93-CR-30025-WDS. The defendant was convicted of conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base, and money laundering and was sentenced in April of 1994 to a term of imprisonment of 360 months on the conspiracy count and 240 months on the money laundering counts, to be served concurrently. The Court of Appeals affirmed her conviction and sentence. See *United States v. Carraway*, 108 F.3d 745 (7th Cir. 1997). The defendant thereafter filed a habeas petition in this Court which was denied, *Wiggins v. United States,* No. 97-79-WDS, and on December 21, 2000, the Court of Appeals declined to grant her request for issuance of a certificate of appealability, *See*, *Wiggins v. United States,* No. 01-2704 (7th Cir. July 25, 2001).[1] She has also filed a subsequent habeas action, *Wiggins v. United States*,

---

[1] Defendant has sought, several times, for leave to file a second or successive petition, and each request has been denied by the Court of Appeals. *See, Wiggins v. United States*, No. 04-3352 (Sept. 20, 2004); *Wiggins v. United States,* 05-1158 (Feb. 2, 2005); *Wiggins v. United States*, 06-1197 (Jan. 30, 2006).

06-CV-656-WDS, which this Court dismissed for lack of jurisdiction. (Doc. 2, Nov. 1, 2006). In that petition the defendant, *inter alia,* challenged the jurisdiction of this Court over the original criminal action, the validity of the habeas corpus statute, 28 U.S.C. § 2255, and the penalty provisions of 21 U.S.C. §§ 841 and 846, under which she was sentenced in this criminal action.

Upon review of the record, the Court **FINDS** defendant's motion to dismiss is without any substance or merit. It is well settled that federal courts have jurisdiction over the violation of federal criminal laws which occur within the territorial boundaries of the court. 18 U.S.C. § 3231. It is also settled that the United States is a sovereign government. Under the dual sovereignty doctrine the federal government may prosecute and punish matters in violation of federal law, even if jurisdiction also exists with a state government. *See, Heath v. Ala.,* 474 U.S. 82, 88 (1985) (where the Court explained, "[T]he dual sovereignty doctrine is founded on the common-law conception of crime as an offense against the sovereignty of the government." *Id* ).

Accordingly, the Court had jurisdiction over the offenses for which the defendant was convicted; therefore, defendant's motion to dismiss for lack of territorial jurisdiction is **DENIED** on all grounds.

**IT IS SO ORDERED.**

**DATED: January 11, 2007.**

                              s/  WILLIAM D. STIEHL
                                 **DISTRICT JUDGE**